UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RAGINA ODDO, | Case No.: 1:16 CV 2110 |
| Plaintiff | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant | <u>ORDER</u> |

The Commissioner of Social Security Administration ("Commissioner") denied disability benefits to Plaintiff Ragina Oddo ("Plaintiff" or "Oddo"), in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge James R. Knepp, II ("Magistrate Judge" or "Judge Knepp") for preparation of a Report and Recommendation ("R & R"). Both parties submitted briefs on the merits. Plaintiff argued that the Administrative Law Judge's ("ALJ") decision, denying her application for Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq.*, was not supported by substantial evidence because the ALJ erred at Step Five in finding that Plaintiff could perform a significant number of jobs in the national economy. Specifically, Oddo contends that the ALJ unreasonably relied on the vocational expert's ("VE") determination, following clarification of a hypothetical based on the ALJ's residual functional capacity ("RFC") determination, that Plaintiff would be capable of performing a significant number of jobs in the national economy. When the hypothetical was initially posed with the exact wording in the RFC determination, the VE had

responded that no jobs would be available to such a person. The Commissioner sought final judgment upholding the decision below.

Judge Knepp submitted his R & R (ECF No. 13) on July 19, 2017, recommending that the court affirm the Commissioner's final decision. As to the assignment of error, the Magistrate Judge concludes that the ALJ had "substantial evidence to support her conclusions that there were jobs Plaintiff could perform." (*Id.* at 9.) He notes that it was the ALJ's duty to develop the RFC based on evidence in the record. And, as the finder of fact, it was also the ALJ's duty to *interpret* the record. Thus, to the extent there was any confusion over the meaning of the hypothetical based on the RFC, the ALJ's interpretation controlled. Moreover, the ALJ clarified her interpretation of that language to the VE during the hearing, and, with that clarification, the VE opined there would be jobs available to such an individual.

Plaintiff filed Objections to Report and Recommendation (ECF No. 14) on July 28, 2017, disputing the Magistrate Judge's determination that there was substantial evidence in the record to support a finding that Oddo is capable of performing a significant number of jobs in the national economy. According to Plaintiff, Judge Knepp unreasonably concludes that it was permissible for the ALJ to provide an interpretation of the hypothetical question to the VE. (*Id.* at 1.) Plaintiff asserts that the ALJ did not simply define the terms of the RFC to the VE but rather created a separate hypothetical question. (*Id.* at 2.) And, this new hypothetical lead to the VE's conclusion that Plaintiff could perform a significant number of jobs where the exact language of the RFC did not. (*Id.*) Plaintiff contends, without further specificity, that this purportedly new hypothetical had "significantly different limitations" than the RFC, and, thus, required further explanation justifying the changes. (*Id.*)

However, Plaintiff's argument proceeds from the assumption that, because the VE came to a different conclusion than originally offered, the prompt must have been categorically different. This is not the case. Had the ALJ heard the VE's conclusion and presented a new hypothetical, Plaintiff's claim would have more merit. But, the ALJ did not remove or alter any of the words in her original hypothetical, but rather clarified her interpretation, as she was permitted to do, using virtually identical language. And, Oddo fails to identify any "significantly different limitations" purportedly added to the latter hypothical.

Accordingly, the court finds, after careful *de novo* review of the Magistrate Judge's R&R and all other relevant documents in the record, that Judge Knepp's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's R & R (ECF No. 13). The court hereby affirms the Commissioner's final decision.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

August 21, 2017